UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| DONNA MARIE HOLIAN, ET AL. | *CIVIL NO. 06-2404 c/w 06-2405 |
|---|---|
| VERSUS | *MAGISTRATE JUDGE HILL |
| UNITED STATES OF AMERICA | *BY CONSENT OF THE PARTIES |

## REASONS FOR RULING

Pending before the court is the Motion for Summary Judgment filed by defendant, the United States of America ("the government"). [rec. doc. 23]. By this Motion, the government seeks dismissal of all claims asserted by plaintiff, Donna Marie Holian, for lack of jurisdiction.[1] Plaintiff, Donna Marie Holian ("Holian"), has filed opposition. [rec. doc. 34]. For those reasons set out below, the Motion for Summary Judgment is **DENIED**.

## BACKGROUND

In her Complaint, Holian alleges that on April 7, 2002, she was the driver of a vehicle attempting to enter the front gate at Fort Polk, a United States Army Installation, to seek emergency medical services for her son, Robert John Lindner Holian ("Robert Holian"), when she was assaulted and battered, unnecessarily detained, falsely arrested and imprisoned, and subjected to the intentional and negligent use of excessive force by military guards. [rec. doc. 1, ¶ 9]. Holian instituted this action under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, to recover damages that she claims she suffered as a result of this incident.

---

[1] The government has not sought summary judgment on the claims of Robert John Lindner Holian in his consolidated action.

The government has moved to dismiss Holian's claims, arguing that all of Holian's claims fall within the intentional tort exception to the FTCA, § 2680(h). The government further argues that the law enforcement officer proviso of the intentional tort exception is inapplicable, as the military guards were not acting in a law enforcement capacity at the time of the incident, but, rather, were engaged in a security function. Accordingly, the government asserts that Holian's claims fall outside the scope of the FTCA, and that, therefore, this court lacks subject matter jurisdiction to entertain her claims.

Holian responds that the military guards were engaged in a law enforcement activity when they removed Holian from her vehicle and arrested her son Robert Holian. Accordingly, she asserts that the law enforcement proviso of the intentional tort exception of the FTCA is applicable, and that her claims are therefore within the scope of the waiver of sovereign immunity of the United States provided under the FTCA. Hence, Holian asserts that this court has jurisdiction over her claims.

The only evidence before the court is Holian's deposition. In her deposition, Holian substantially testified as follows. When Holian initially approached the perimeter gate, she activated her emergency flasher and stopped. Sergeant Moreau approached Holian's vehicle. Holian told Moreau that she had a medical emergency and needed to get to the hospital. Moreau looked at Holian's ID card and advised Holian that she could proceed though the gate. Moreau then went to talk to Sergeant Heavner, who had stopped his vehicle behind Holian's vehicle.

Then, as Holian placed her hand on the gear shifter to proceed through the gate, Officer Cory Brown appeared at Holian's window. Brown told Holian to pull over. She refused. Then, Moreau told Holian to pull over. She again refused, telling the guards that her son was suicidal, had attempted suicide with a shotgun and that she had been through a lot of domestic violence and that she had a restraining order. Moreau then reached into Holian's car and grabbed the shifter. Holian told her front seat passenger, Shane Rhoades, to put the car in neutral because she was going to roll back and hit someone. Before that occurred, Moreau unfastened Holian's seatbelt and pulled her out of the car.

Robert Holian, who was in the backseat, and admittedly drunk, yelled at the guards not to hurt his mother. Shane Rhodes then exited the vehicle and was thrown against the vehicle by Brown. Next, Robert Holian exited the vehicle, and, after assessing his size, both Moreau and Brown immediately released both Holian and Shane Rhodes to deal with Robert Holian.

Robert Holian said that he did not want any trouble, opened his wallet with ID card and stated that he had a pocket knife, while taking it out of his pocket. The guards then forced Robert Holian to the ground. A scuffle then ensued between Robert Holian and the guards.

Holian told the officers that Robert Holian could not get his arms out from under his body, and that the guards were choking him. About eight more guards appeared. Holian was told not to go near her son, and, if she did not do as ordered, she would be arrested and handcuffed, too.

3

Holian took a few steps toward her son and tried to pull one of her son's arms out from under him so that the guards could handcuff him. After barely touching Robert's arm, she was "rushed" by PFC Rose "like a football player", who grabbed her left arm leaving fingerprint bruises. Holian was forcibly taken to the other side of the road and then thrown down to the ground, causing Holian to hit her right elbow.

Thereafter, the guards were able to get Robert Holian on his feet, placed his hands behind his back, handcuffed him and placed him under arrest. The record reveals that Robert Holian was charged with disturbing the peace and resisting a police officer. [*See* rec. doc. 11, pg. 6].[2]

## LAW AND ANALYSIS

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, is a limited waiver of sovereign immunity of the United States and provides that, subject to certain exceptions, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." *Johnston v. United States*, 85 F.3d 217, 218-19 (5th Cir.1996); 28 U.S.C. § 2674.

In essence, the FTCA provides a limited waiver of sovereign immunity of the United States for negligent or wrongful acts of governmental employees. *Insurance Co. of North America v. United States Postal Service*, 675 F.2d 756, 757-758 (5th Cir.1982); *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). To the extent that Holian's claims fall outside

---

[2] As stated above, this account comes from the plaintiff's deposition. The government filed no affidavit from any of the guards, nor any other evidence in support of its motion, rather deciding to rely solely on the plaintiff's deposition in support of its motion.

the scope of the FTCA, this court lacks subject matter jurisdiction to entertain this suit. *Truman*, 26 F.3d at 594 *citing United States v. Mitchell*, 455 U.S. 535, 538 (1980).

Generally, claims based on intentional tortious conduct of government employees fall outside the scope of the FTCA pursuant to § 2680(h), the intentional tort exception. Under the intentional tort exception, federal courts lack FTCA jurisdiction over "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

Moreover, claims that sound in negligence, but stem from an excluded tort under §2680(h) committed by a government employee, fall outside the scope of the FTCA. *Leleux v. United States*, 178 F.3d 750, 756 (5th Cir. 1999) *citing United States v. Shearer*, 473 U.S. 52, 55, 105 S.Ct. 3039 (1985). The exception thus has the effect of being an exception to the waiver of the sovereign immunity of the United States with respect to claims arising out of intentional tortious conduct of government employees. The effect of the exception, of course, is that sovereign immunity as to these claims is not waived by the government .

However, § 2680(h) does not eliminate FTCA jurisdiction for all intentional acts, in all circumstances. Section 2680(h) contains what is referred to as "the law enforcement proviso". The effect of the proviso is that sovereign immunity is waived "with regard to acts or omissions of investigative or law enforcement officers of the United States Government" for "any claim arising, . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or

malicious prosecution." *Id.*

An "investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id*. Thus, the law enforcement proviso waives the sovereign immunity of the United States for claims of intentional wrongdoing by law enforcement officers "while they are engaged in investigative or law enforcement activities." *Cross v. United States*, 159 Fed.Appx. 572, 576 (5th Cir. 2005) *quoting Employers Ins. v. United States*, 815 F.Supp. 255, 259 (N.D.Ill.1993); *Lineberry v. United States,* 2009 WL 763052, *8 (N.D.Tex. 2009). This construction avoids converting the proviso into one that is triggered by mere status rather than by actual conduct. *Employers Ins.*, 815 F.Supp. at 259.

In this case, the parties do not dispute that the military guards who stopped Holian and arrested her son are "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Thus, they may be considered "law enforcement officers" for purposes of the proviso to the extent that they were engaged in law enforcement or investigative activities at the time of the incident in question. However, if the soldiers were not engaged in law enforcement or investigative activities, but rather were engaged in security activities, the law enforcement proviso does not apply. *See Cross*, 159 Fed.Appx. at 576.[3]

---

[3] *Cross* was not selected for publication by the panel in the Federal Reporter. As such, the decision has no precedential effect in this case. Rule 47.5.4, Rules, Fifth Circuit Court of Appeals. The case is cited here because of the paucity of decisions on the issue.

The parties do not dispute that Holian's son, Robert Holian, was arrested as a result of this incident. Under the facts provided by Holian in her deposition testimony, it appears that the military guards were initially engaged in a security function when the Holian vehicle was stopped at the perimeter gate. However, that function may have ceased when Holian's son, Robert Holian, exited the vehicle. At that point, the military guards were, at least arguably, no longer simply securing the gate, but, rather, were actively engaged in the arrest of Robert Holian, a law enforcement function.

The government does not seek summary judgment on any specific claim asserted by Holian. Rather, the government seeks an across the board ruling by this court precluding all of Holian's claims based on the intentional tort exception. However, on the record before this court, the broad based, all inclusive, summary judgement requested by the government simply cannot be granted.

Initially, the court notes that it is unclear if Holian claims to have been subjected to a *defacto* arrest, imprisonment or detention, when she was forcibly removed from her vehicle, or at some time thereafter. Neither party has briefed this point, cited appropriate authorities or supplied this court with competent evidence from which that determination could be made. It seems clear from the record before this court that Holian's claimed injuries (right arm and elbow, left knee) did not occur until she intervened in the arrest of her son, Robert Holian. As such, Holian's claims for intentional and negligent use of excessive force, battery and assault clearly arise out of actions which occurred during the arrest of Robert Holian. To the extent

7

that Holian's claims for false arrest, false imprisonment or unlawful detention arise from the guards' forceful restraint of Holian, those claims, likewise, may well arise out of actions which occurred during an arrest.

Simply stated, there is insufficient evidence before this Court for the court to grant summary judgment in favor of the government on all claims by Holian. There is insufficient evidence for this Court to conclude that, at the time of the alleged injury to Holian, the guards were acting in a security, as opposed to a law enforcement, function. *See Cross*, *supra*.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment filed by the defendant, the United States of America is **DENIED**.

Signed July 31, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE